## MUTUAL DISCOUNT CORPORATION v. STEPHEN NAGY ET AL.

Argued November 10, 1933—Decided November 23, 1933.

Before Justice PARKER, at chambers.

(Neither side was represented by counsel at the argument of the motion.)

The opinion of the court was delivered by

PARKER, J. This is a motion to set aside and vacate an order signed by Henry Hahn, a Supreme Court commissioner, purporting to strike out an answer pursuant to rules 80 and 81. The motion to vacate the order is put upon the ground that the commissioner was without jurisdiction in the premises.

I deem the point well taken. The power of Supreme Court commissioners is of course limited by the statutes and rules of court applicable to them. The office is a very old one, dating back at least as far as the Provincial act of 1741, entitled "An act to enable the Chief Justice and other judges of the Supreme Court, to appoint commissioners in the several counties of this province to take special bail, and to administer oaths and affirmations in causes depending in the Supreme Court." *Allinson's Laws* 120; *Nevill's Laws* 270. The powers appear to have been limited to taking recognizances of bail, and administering oaths and affirmations.

This act was repealed, but in substance re-enacted in 1794. *Pat.* 124. We find it reiterated in sections 66 and 67 of the Practice act of 1874. Revision, page 859. In the meantime, certain additional powers had been conferred, as for example, to hold to bail in cases of fraud and tort (Revision, page 857, sections 57, 58); to supervise the taking of depositions (Practice act, 1903, section 65; Supreme Court rules 1805; 1 *N. J. Law* xiv; *Corbin's Rules* (1898), 73, 74); ordering judgments on bond and warrant (Revision, page 82, section 6), and so on. But it is safe to say that Supreme Court commissioners, as such, had no power under any circumstances to strike out a pleading until the passage of the Practice act of 1912 and the rules accompanying that act, which were revised by the Supreme Court and in revised form appear in the rules of 1913. The act itself says nothing about commissioners except that by section 17 "the court may, under such conditions as it may fix, require any or all motions preliminary to trial to be heard and determined by Supreme Court commissioners *designated by the court* [italics mine] and may fix their fees which shall be costs in the cause." By section 32, the Supreme Court is to prescribe rules. "Until such rules shall be made, the rules * * * annexed * * * shall be deemed to be the rules of court, subject to suspension and amendment in any part thereof by the court, as experience shall show to be expedient." These preliminary annexed rules begin at page 384 of *Pamph. L.* 1912, and those pertinent to the present inquiry will be found at page 395. The basic rule is No. 61: "The Supreme Court may *designate* for each county one of the Supreme Court commissioners (and if necessary, more than one) removable at pleasure, who shall have the authority herein given." This is now rule 92, unchanged except as to number. It appeared as rule 92 in the Supreme Court rules of 1913. Rules 62 to 65 inclusive, of 1912, were renumbered with slight modification as rules 93 to 96 of 1913, and reprinted in the rules of 1919. In 1926 the legislature passed chapter 61 of the Session laws (*Pamph. L., p.* 103), empowering the court—if such action was indeed necessary—by rules to give control over pleadings, &c., to "such Supreme Court commissioners as shall respectively

from time to time occupy the position of Circuit Court judge." Whereupon the court, in June of that year, abrogated the former rule 93 and substituted a new rule providing "the several Circuit Court judges of this state heretofore or hereafter appointed Supreme Court commissioners are *hereby designated* as commissioners for the several counties of this state, with authority to hear and determine all motions preliminary to trial," &c.

Counsel for plaintiff, opposing this motion, relies on a deliverance of another commissioner printed in 11 *N. J. Mis. R.* 657 (unofficial), in the case of Goldberg *v.* Fisher, and in which he asserts that any commissioner has authority to act under rules 94 and 95. But there is an important difference between appointing A. as a Supreme Court commissioner (or "commissioning" him, see Practice act of 1903, section 65) and designating a commissioner to do specified acts. Rule 92 is plain enough. It says: "The Supreme Court may *designate* for each county one of the Supreme Court commissioners (and if necessary, more than one)" &c. The obvious meaning is the third stated in Webster's International Dictionary, viz., "to indicate or set apart for a purpose or duty—with to or for—as, to designate an officer for a command." Here certain commissioners may be designated for a county: and this by rule 93, the Supreme Court has specifically done in the precise language of rule 92. It has thus selected from the body of Supreme Court commissioners those who are Circuit Court judges, and indicated them and set them apart for a particular local duty. The words "such commissioners" in rule 94 naturally refer to the commissioners so designated.

I conclude, therefore, that under the existing rules the only Supreme Court commissioners who have power to act under rules 94 and 95, and perhaps one or two kindred provisions, as rules 80 to 84, relating to striking out answers, are those designated by rule 93, *i. e.,* the Circuit Court judges. It follows that Mr. Hahn, not being a Circuit Court judge, was without power to make the order under review, and that order is therefore declared a nullity and vacated, with costs.